JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORION DILLON BROWN, | Case No. 2:19-01196 SVW (ADS) |
| Petitioner, | |
| v. | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| WARDEN, California Training Facility, | |
| Respondent. | |

## I.   __INTRODUCTION__

Pending before the Court is a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") filed by petitioner Orion Dillon Brown ("Petitioner"). [Dkt. Nos. 1, 29]. On July 27, 2021, the Court issued an Order Requiring Status Reports, ordering the parties to address whether Petitioner is still "in custody" for purposes of 28 U.S.C. § 2254. [Dkt. No. 50]. Petitioner did not file a response. Respondent, however, filed a status report stating that Petitioner was paroled on March 27, 2021. [Dkt. No. 51, p. 4; Dkt. No. 52-1]. In addition, on August 9, 2021, the Court received the July 27, 2021 Order as returned mail reflecting that Petitioner was paroled or discharged. [Dkt.

No. 53]. As a result, on August 10, 2021, the Court issued an Order to Show Cause Regarding Failure to Update Address. [Dkt. No. 54]. Petitioner again did not file a response to the Court's Order.

## II.     FAILURE TO KEEP COURT APPRISED OF CURRENT ADDRESS

Petitioner failed to keep the Court apprised of his current address and other contact information, which he is required to do as a pro se litigant. L.R. 41-6. If a pro se party has not filed a notice of change of address within 14 days of the service of a Court order, the action is subject to dismissal for failure to prosecute. Id.

In this case, the Court's Order Requiring Status Reports was returned by the Postal Service on August 9, 2021. Since then, Petitioner has not filed a notice of change of address nor otherwise communicated with the Court. Petitioner does not have a telephone number or email address on file with the Court. Petitioner was also previously warned that his failure to keep the Court informed of where he may be contacted would subject this action to dismissal for failure to prosecute. [Dkt. No. 4, p. 4]. Consequently, this action is subject to dismissal for failure to prosecute.

## III.     FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS

Petitioner has failed to prosecute this habeas petition and comply with court orders. Petitioner did not file a status report by the Court-ordered deadline, nor has he informed the Court of his current mailing address or other contact information. The August 10, 2021 Order to Show Cause expressly cautioned Petitioner that failure to respond would result in a recommendation that the action be dismissed pursuant to Federal Rule of Civil Procedure 41(b). [Dkt. No. 54, p. 2]. Petitioner did not respond to the Order, nor has he communicated with the Court since October 27, 2020. See [Dkt. No. 48].

1    Petitioner's repeated failure to respond despite Court orders to do so reflects a

2  lack of prosecution of the case and failure to comply with Court orders.  In <u>Carey v.</u>

3  <u>King</u>, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cited the following factors as

4  relevant to the Court's determination of whether to dismiss an action for failure to

5  prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's

6  need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

7  policy favoring disposition of cases on their merits; and (5) the availability of less drastic

8  sanctions."  <u>Id.</u> at 1440.

9    Upon consideration of the five <u>Carey</u> factors, the Court finds that Petitioner's

10 failure to prosecute his case and failure to comply with the Court's Orders warrant

11 dismissal.  The first two <u>Carey</u> factors—the public's interest in expeditiously resolving

12 this litigation and the Court's interest in managing the docket—weigh in favor of

13 dismissal.  The Court cannot hold this case in abeyance indefinitely awaiting Petitioner's

14 response to the Court's directive.  The third factor, risk of prejudice to Respondent, also

15 weighs in favor of dismissal since a presumption of injury arises from the occurrence of

16 unreasonable delay in prosecuting an action.  <u>Anderson v. Air West, Inc.</u>, 542 F.2d 522,

17 524 (9th Cir. 1976).  The fourth factor, the public policy favoring disposition of cases on

18 their merits, is greatly outweighed by the factors in favor of dismissal.

19    Finally, Petitioner has already been cautioned of the consequences of his failure

20 to prosecute and ordered to show cause why the action should not be dismissed.

21 Petitioner has been afforded the opportunity to do so yet has not responded.  Moreover,

22 the Court is unable to correspond with Petitioner regarding his case without his current

23 contact information.  No sanction lesser than dismissal is feasible here.  Thus, dismissal

24

1   of this action is warranted under Federal Rule of Civil Procedure 41(b) and Local

2   Rules 7-12 and 41-6.

3   **IV.    <u>CONCLUSION</u>**

4           IT IS THEREFORE ORDERED that this action be summarily dismissed with

5   prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Central District of

6   California Local Rules 7-12 and 41-6.

7           IT IS SO ORDERED.

8

9   Dated:   November 15, 2021    _____
                                  THE HONORABLE STEPHEN V. WILSON
10                                United States District Judge

11  Presented by:

12  _____/s/ Autumn D. Spaeth_____
    THE HONORABLE AUTUMN D. SPAETH
13  United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

4